IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Tori Keon Thompson,<br><br>                Plaintiff,<br><br>vs.<br><br>The State of South Carolina, Department of Social Services Child Support Division,<br><br>                Defendant. | Civil Action No. 3:17-cv-2113-CMC<br><br>**ORDER** |

This matter is before the court on Plaintiff's complaint pursuant to 42 U.S.C. § 1983, alleging violation of his due process rights in the state family court proceeding concerning establishment of paternity over his children. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. On August 30, 2017, the Magistrate Judge issued a Report recommending this matter be summarily dismissed without prejudice, and without issuance and service of process. ECF No. 8. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed an Amended Complaint on September 6, 2017, and objections to the Report on September 13, 2017. ECF Nos. 11, 13.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made

by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b).

After considering *de novo* the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the Report's recommendation that the Complaint be dismissed. Plaintiff's initial Complaint named the South Carolina Department of Social Services as Defendant. ECF No. 1. Plaintiff's Amended Complaint, filed after the Report was entered, lists in the caption "The State of South Carolina, Department of Social Services Child Support Division" as Defendant(s). ECF No. 11. The Clerk of Court, therefore, terminated the State of South Carolina Department of Social Service as a Defendant and added The State of South Carolina and the Department of Social Services Child Support Division as Defendants. However, regardless of the specific wording on each of the Complaints, it is clear Plaintiff intends to sue a department of the State of South Carolina. As noted by the Magistrate Judge, the State and its departments are protected by Eleventh Amendment immunity.

In Plaintiff's objections, he argues a cause of action is provided by § 1983 because "Congress has literally authorized this suit within the terms of § 1983." ECF No. 13 at 13. However, it is clear Congress has not abrogated the states' sovereign immunity under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties . . . We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued

2

without its consent."). Plaintiff cites *Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658 (1978), for the proposition

> [l]ocal governing bodies (and local officials sued in their official capacities) can, therefore, be sued directly under § 1983 for monetary, declaratory, and injunctive relief in those situations where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by those whose edits or acts may farily be said to represent official policy.

436 U.S. at 659. However, *Monell* concerned liability of municipalities and other local governments, not state governments: States are protected by the Eleventh Amendment while municipalities are not. *Id.* at 690. In this case, Plaintiff is suing the state government and the Department of Social Services, which is part of the state government. Therefore, *Monell* has no application to his case.

Accordingly, the court adopts the Report by reference in this Order. Plaintiff's Complaint and Amended Complaint are hereby dismissed without prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
September 20, 2017